548 P.2d 437

**The STATE of Arizona, Appellee,**

v.

**Johnny Ortega CORRALES, Appellant.**

**No. 2 CA–CR 734.**

Court of Appeals of Arizona, Division 2.

April 14, 1976.

Rehearing Denied May 25, 1976.

Review Denied June 22, 1976.

Bruce E. Babbitt, Atty. Gen., by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Charles L. Weninger, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was originally convicted of sale of heroin but before sentencing the court granted his motion for a new trial. The second trial ended in a mistrial on June 13, 1975. A third trial was scheduled for August 7, 1975. On July 23, the prosecutor moved for a continuance because he would be on vacation August 7. The trial was postponed until August 18, 1975. Appellant was again convicted of sale of heroin. Appellant now contends that it was error to grant the continuance to the state.

Rule 8.2(d), Rules of Criminal Procedure, 17 A.R.S., requires the new trial to commence within 60 days. The August 7 date was within the 60-day period but the August 18 date was not.

If a continuance is properly granted, that period is excluded from the time limits. Rule 8.5(b), states:

"A continuance shall be granted upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice."

■■ The prosecutor's vacation is not an extraordinary circumstance. It is the prosecutor's duty to see that his trials are not scheduled during his vacation or to make arrangements for someone else to take the case.

We reverse with instructions that the trial court determine whether to dismiss with prejudice or without prejudice, in light of Rule 8.1(d), added August 1, 1975. See *Schultz v. Peterson*, 111 Ariz. 421, 531 P.2d 1128 (1975).

■ Since appellant may be retried, we find it necessary to decide one other issue. At the first trial the state alleged two prior convictions but offered no proof. At the third trial, appellant took the stand and admitted the priors. Since the state put on no evidence of the prior convictions at the first trial, appellant was acquitted of the allegation of prior convictions. *State v. Satterfield*, 336 S.W.2d 509 (Mo.1960). Appellant concedes that the issue was not timely raised below as no objection was made until the time set for sentencing. However, we find that allowing the state to prove the priors at the third trial is a violation of fundamental fairness. It penalizes appellant for seeking a new trial. See *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). Although the use of the prior convictions does not constitute double jeopardy, it is so similar that we believe the same rules should apply. The courts of Texas and Michigan allow

the issue of double jeopardy to be raised for the first time on appeal. In *Muncy v. State*, 505 S.W.2d 925 (Tex.Cr.App.1974), that court stated:

". . . [T]his Court has held that the question of former jeopardy is one of fundamental stature and may be raised for the first time in this Court." 505 S.W.2d at 925.

The Michigan court overruled a prior case holding that double jeopardy is waived if not timely raised. The court stated that waiver requires a voluntary relinquishment of a known right. "This Court will not presume the waiver of a consitutional right from a silent record." *People v. McPherson*, 21 Mich.App. 385, 175 N.W.2d 828, 832 (1970).

In 1961, the Arizona Supreme Court stated that double jeopardy may be waived and cannot be raised for the first time in a collateral proceeding. *State v. Morales*, 90 Ariz. 11, 363 P.2d 606. In *State v. Veres*, 7 Ariz.App. 117, 436 P.2d 629 (1968), after appellant's jury was selected, defense counsel moved to continue because appellant was absent. Rather than continue, the court declared a mistrial. Defendant was retried but did not raise the double jeopardy issue in the trial court. Division One of this court stated that double jeopardy may not be raised for the first time on appeal, and then went on to hold that there was no violation of double jeopardy. Both *Morales* and *Veres* were decided prior to *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), which extended the Fifth Amendment right against double jeopardy to the states.

In *State v. Cassius*, 21 Ariz.App. 78, 515 P.2d 903 (1973), we refused to consider a double jeopardy question raised for the first time on appeal, citing *Morales*, supra. Cassius was charged with both committing a felony while released on bail or on his own recognizance, and with burglary (the crime he committed while released on his own recognizance).

The Arizona Supreme Court vacated *Cassius* and held that the defendant was not put twice in jeopardy. *State v. Cassius*, 110 Ariz. 485, 520 P.2d 1109 (1974), cert. dismissed as improvidently granted, 420 U.S. 514, 95 S.Ct. 1345, 43 L.Ed.2d 362 (1975). In reaching this result, the Supreme Court considered the double jeopardy issue although it had not been raised in the trial court.

■ The state claims appellant "waived" his right against double jeopardy. Waiver is defined as the voluntary relinquishment of a known right. *State v. Noble*, 109 Ariz. 539, 514 P.2d 460 (1973). No possible strategic advantage is gained by waiving double jeopardy. Failing to raise this issue could in no way benefit appellant. The record does not affirmatively show waiver. Based upon the foregoing, we hold that should appellant be retried, the prior convictions cannot be used against him to increase his sentence.

Reversed.

HOWARD, C. J., and KRUCKER, J., concurring.