625 P.2d 891

STATE of Arizona, Appellee,

v.

Abram Oakley CRUMLEY, Jr., Appellant.

No. 5174–PR.

Supreme Court of Arizona, En Banc.

March 2, 1981.

Rehearing Denied March 31, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Asst. Attys. Gen., Phoenix, for appellee.

Richard S. Oseran, Pima County Public Defender by Lawrence H. Fleischman, Asst. Public Defender, Tucson, for appellant.

HAYS, Justice.

Appellant, convicted by a jury of one count of attempted theft, was sentenced to a 5-year prison term. Appeal was brought in the Court of Appeals, *State v. Crumley*, 625 P.2d 918, 2 CA–CR 2051–2 (filed November 17, 1980). Taking jurisdiction pursuant to A.R.S. § 12–120.24, we vacate the opinion of the Court of Appeals, affirm the judgment of conviction, and remand for resentencing.

Appellant committed more than 150 burglaries, mostly in the Tucson area. He subsequently pleaded guilty to numerous counts of first degree burglary, second degree burglary, grand theft, and the unlawful use of food stamps. For those crimes appellant was sentenced to concurrent terms amounting to 14–15 years in the state prison. In addition, appellant agreed to aid the Tucson police in clearing many unsolved burglaries from their records and in returning more than 500 stolen items found in appellant's home.

On December 13, 1978 appellant was taken by the Tucson police to identify some of the stolen property. Appellant was given

the opportunity to physically inspect the property and to claim any that was legitimately his own. Appellant picked out 35 items, one of which was a gold wedding ring engraved with the initials "NG–SG" and the date "4–27–72." A Tucson police officer noted that the initials and the date inscribed apparently had no relation to appellant and asked appellant about the discrepancy. Appellant insisted the ring was his and that he had owned the ring long before his 1977 marriage.

No property was returned to appellant at that time. The police officer did some further investigating and found that, among other items, a wedding ring had been stolen from Neptali Galarza. Neptali Galarza, who had married his wife Susanna on April 27, 1972, identified the ring as his own and produced a matching ring with a similar inscription worn by his wife.

Upon the advice of a deputy county attorney, a statement in the form of an affidavit was prepared. The statement included a list of the property appellant identified as his own, as well as language swearing that the property had not been illegally obtained.

On January 23, 1979 appellant was again allowed to view the property, including the ring. Once again the police pointed out there appeared to be no connection between appellant and the inscription engraved on the ring. Nevertheless, appellant maintained that he had owned the ring since before he had been married. He was told that if he signed the statement the property would be returned. A notary public witnessed the signing as did two police officers.* The property was not returned to appellant and the instant charges, including allegations of prior convictions, were filed.

I

■ Appellant argues first he was incorrectly denied an opportunity to raise the issues of governmental overreaching and entrapment before the jury.

It is appellant's contention that the actions of the police and prosecutor in this case constituted governmental overreaching, acting to deprive appellant of due process. Assuming solely for the purposes of this argument that over-involvement of government officials in criminal activities can be so egregious as to violate due process, we do not see any untoward governmental action in this case. Appellant was not taken to look at the property on December 13 for the purpose of inducing him to commit a crime; he was taken there to identify his own property. It is only because the police officer noted a discrepancy that appellant was questioned. Appellant was given the opportunity at that time and on January 23 to recant. Nevertheless, appellant persisted in claiming the ring as his own and the government simply gave appellant the rope necessary to hang himself. We think the trial court properly refused to allow appellant to argue governmental overreaching.

■ This same evidence supports the trial court's ruling with respect to the offer of proof on entrapment. Appellant attempted, by way of an offer of proof, to show what the entrapment defense would be; however, the trial judge did not think the evidence would be sufficient to support an instruction on entrapment. Appellant argues that since the trial judge was not going to give an entrapment instruction, appellant did not take the stand, admit the elements of the crime, and put forward an entrapment defense. We feel, as the trial judge did, the offer of proof failed to demonstrate the availability of entrapment as a defense.

The singular most significant aspect of entrapment which is absent here is inducement of the accused to commit a crime he would not otherwise have committed. *State v. Mendoza,* 109 Ariz. 445, 511 P.2d 627 (1973). *See also State v. Boccelli,* 105 Ariz. 495, 467 P.2d 740 (1970).

---

* Although the language of the statement indicated a swearing that the statement was true, one count of perjury was directed out of the case because, upon signing the statement, appellant was not given a proper oath.

■ Where there is no evidence to support an instruction on entrapment, the instruction is properly refused. *State v. Reyes*, 99 Ariz. 257, 408 P.2d 400 (1965).

## II

Appellant next argues that the prosecutor's reference to appellant's failure to testify requires reversal. The state responds by saying the prosecutor's comments were a pertinent reply to defense counsel's closing argument.

During closing argument defense counsel argued that he advised the defendant not to take the stand because in his opinion the state had not proved a case. The prosecutor objected to the argument and in his closing argument referred to defendant's not taking the stand only incidentally in castigating defense counsel for improperly expressing his personal opinion as to the state's case. More than twice the court instructed the jury to either disregard the argument or that argument of counsel was not evidence.

■ The general rule is that no comment on a defendant's failure to take the stand is permissible. *State v. Still*, 119 Ariz. 549, 582 P.2d 639 (1978). Nonetheless, the defendant is not entitled to invite error and thereafter argue for reversal on appeal. *State v. Purcell*, 117 Ariz. 305, 572 P.2d 439 (1977).

■ It is argued that the prosecutor went beyond the pertinent reply contemplated by the invited error doctrine to raise an improper inference with respect to appellant's failure to testify. We think not. Defense counsel's argument invited an objection, an admonition, and a pertinent reply by the prosecutor. *State v. Arredondo*, 111 Ariz. 141, 526 P.2d 163 (1974). Primarily, the prosecutor's reply was directed not at the failure to testify but at defense counsel's arguing his personal belief. *See State v. Floyd*, 120 Ariz. 358, 586 P.2d 203 (App.1978), *appeal dismissed*, 440 U.S. 952, 99 S.Ct. 1487, 59 L.Ed.2d 765 (1979). Any inference to be drawn from the prosecutor's argument that might reflect on appellant's failure to take the stand was cured by the court's admonition that the argument be disregarded. *State v. Cortez*, 101 Ariz. 214, 418 P.2d 370 (1966). Moreover, on numerous occasions this jury was instructed that what attorneys said in argument was not to be considered as evidence.

We think that the doctrine of invited error controls and that the statements of the prosecutor in closing argument do not mandate reversal.

## III

■ Appellant next maintains that the jury should have been instructed that appellant would be not guilty if he had an honest belief that the ring was his, even if that belief was mistaken.

Viewing the instructions as a whole, we believe the issue of criminal intent was adequately covered by another instruction given by the court. *See State v. Pickett*, 121 Ariz. 142, 589 P.2d 16 (1978). The jury was instructed that theft here required the defendant to obtain property by means of a knowing material misrepresentation with the intent to permanently deprive the other person of the property. If the jury had believed appellant labored under the honest, although mistaken belief that the ring was his, it could not have found a knowing material misrepresentation. Therefore, we think the instruction given covered the point raised in the requested instruction, albeit in different terms. *State v. Kelley*, 110 Ariz. 196, 516 P.2d 569 (1973). The jury was properly instructed.

## IV

■ Following the return of the guilty verdict on the attempted theft count, the jury was discharged. Almost immediately it was realized that trial on the issue of the prior convictions had been overlooked. Ariz.R.Crim.Proc. 19.1(b). The trial judge sent the bailiff out to recall the jurors but the bailiff was able to locate only six of the eight jurors. The other two jurors were contacted at home and the entire panel was present the next morning to decide whether the allegations of prior convictions were true.

Once discharged, we think this jury could not be properly recalled to further decide an issue of this case. It is simply too dangerous a practice to discharge the individual jurors from the duties and obligations of their oath, send them back into the community without admonitions or instructions, and then recall those same jurors to make a fair and impartial determination of any remaining issue connected with the case.

We limit our decision to an *ad hoc* determination based on the narrow factual situation of this case. We do not decide whether under the proper conditions trial of the allegation of a prior conviction may be had before a *different jury than the one which* returned the verdict. Nor do we need to address appellant's double jeopardy argument.

The judgment of conviction is affirmed, the sentence is set aside, and the case is remanded for resentencing without enhancement by way of the prior convictions. Because of our decision with respect to sentencing, we have no cause to address the other issue raised by appellant.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and CAMERON and GORDON, JJ., concur.