701 P.2d 1229

The STATE of Arizona, Appellee,

v.

Malcolm Scott RILEY, Appellant.

No. 1 CA–CR 8159.

Court of Appeals of Arizona, Division 1.

June 4, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Diane M. Ramsey, Phoenix, for appellee.

Aspey, Watkins & Diesel by Bruce S. Griffen, Flagstaff, for appellant.

## OPINION

LIVERMORE, Judge.

On March 11, 1982, defendant was convicted for the sale of marijuana after a trial by jury. Before the jury was dismissed, the trial judge read the allegation of a prior conviction and asked the defendant if he admitted or denied the prior. Defendant admitted the prior and the jury was excused. The court of appeals affirmed the conviction for the sale of marijuana but found that the trial court erred in accepting the admission of the prior conviction without complying with Rule 17, Rules of Criminal Procedure, 17 A.R.S. *State v. Riley*, 141 Ariz. 15, 684 P.2d 896 (App.1984). On remand a new jury found the allegation of a prior conviction to be true and defendant was sentenced to a mitigated term of imprisonment of seven years. He appeals contending that trial of the allegation of a prior conviction before a new jury was not permitted by Arizona statutes and rules and that if it was, such a retrial violated double jeopardy.

While A.R.S. § 13–604(K) and Rule 19.-1(b), Rules of Criminal Procedure, 17 A.R.S., speak in terms of the allegation of a prior conviction being tried by the jury that tried the substantive offense charged, they do not by their terms preclude retrial of the allegation when an appellate court finds error either in the trial or the admission of that sentencing enhancing factor. When a conviction is overturned, or when a guilty plea is found procedurally deficient,

retrial follows as a matter of course. There is no reason why this should not be equally true for sentencing enhancing allegations and no legislative or rule-making intent to preclude that can be inferred from statutes and rules directed only at the initial trial. See *State v. Gillies*, 135 Ariz. 500, 507, 662 P.2d 1007, 1014 (1983); *People v. Green*, 66 Cal.App.3d 801, 136 Cal. Rptr. 241 (1977); *State v. Polson*, 93 Idaho 912, 478 P.2d 292 (1970), cert. denied, 402 U.S. 930, 91 S.Ct. 1527, 28 L.Ed.2d 863 (1971); *State v. Zeimer*, 10 Utah 2d 45, 347 P.2d 1111 (1960); *Chavez v. State*, 604 P.2d 1341 (Wyo.), cert. denied, 446 U.S. 984, 100 S.Ct. 2967, 64 L.Ed.2d 841 (1980).

The constitutional protection against double jeopardy includes the right to have the initial jury decide the matter. No constitutional right is violated, however, when the defendant consents to the discharge of the jury. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). Here, after the initial jury had found defendant guilty and before the jurors were discharged, the trial court asked defendant and his counsel whether they wanted to admit the allegation of a prior conviction or to have it tried to the jury. By admitting the allegation and consenting to the discharge of the jury, defendant waived any double jeopardy claim.

The sentence is affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).