745 P.2d 81

**STATE of Arizona, Appellee,**

v.

**David Lee JOHNSON, Appellant.**

No. 6682.

Supreme Court of Arizona,
En Banc.

Sept. 15, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Aspey, Watkins & Diesel by Louis Diesel, Flagstaff, for appellant.

HOLOHAN, Justice.

The defendant, David Lee Johnson, was tried and convicted of two counts of sexual assault. He was sentenced to an aggravated term of ten years on each count, to be served consecutively. The defendant filed a timely notice of appeal and the state filed a cross-appeal challenging the dismissal of the allegation of prior convictions. The appeal was transferred to this court at the request of the chief judge of Division One of the Court of Appeals pursuant to Rule 31.20, Rules of Criminal Procedure.

■ The state filed its brief in support of its cross appeal, but the defendant, who has represented himself throughout all the proceedings in the trial court and on appeal, has failed to file a brief; nevertheless, we have reviewed the record for fundamental error as required by A.R.S. § 13-4035; *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969).

The defendant was originally indicted on one count of kidnapping and five counts of sexual assault. Prior to the commencement of trial, the State dismissed one count of sexual assault, and after the close of all the evidence, the trial court entered a judgment of acquittal on the kidnapping count. The trial jury found the defendant guilty of two counts of sexual assault but acquitted the defendant on two other counts.

As previously noted, the defendant conducted his own defense. The trial court provided the defendant with advisory counsel, an investigator and a paralegal. The defendant was also given access to the county law library for several weeks prior to trial, and he was given access to the law library every night during the trial. Despite these efforts the performance of the defendant in conducting his own defense can best be described as inept. But as Justice Cameron stated in *State v. Yanich,* 110 Ariz. 172, 516 P.2d 308 (1973):

A person has the right to represent himself but he does not have the right to expect that his representation will be effective. Indeed, experience shows that just the opposite is more likely to be the case.

*Id.,* 110 Ariz. at 176, 516 P.2d at 312.

The trial lasted seven days. During that period the patience of the trial judge was often tested by the defendant's actions and statements, but the trial judge conducted himself with commendable restraint. Although it is within the trial judge's discretion to refuse to allow a defendant to continue his own defense if he seriously disrupts the proceedings by refusing to exercise the decorum necessary to orderly proceedings or by failing to accord due respect to the court, the trial judge in this case allowed the defendant to continue to represent himself.

Because of our disposition of this appeal it is not necessary to detail the facts presented at trial. The state prosecuted the sexual assault case on the theory that the victim was coerced into submitting to the advances of the defendant by the use or threatened use of force or that the victim was incapable of consenting to sexual intercourse by reason of mental disorder or intoxication. At the close of the evidence in the case, advisory counsel argued that

there was insufficient evidence to support a charge based on lack of consent due to mental disorder. The trial judge rejected this argument, and submitted the case to the jury on the issue of lack of consent due to either the use or threatened use of force, or the inability to consent due to a mental disorder or use of alcohol.

To convict the defendant of sexual assault it was necessary for the state to establish that the defendant engaged in sexual intercourse or oral sexual contact with the victim without her consent. A.R.S. § 13–1406. "Without consent" is defined in A.R.S. § 13–1401(5) to mean any of the following:

> (a) The victim is coerced by the immediate use or threatened use of force against a person or property.
>
> (b) The victim is incapable of consent by reason of mental disorder, drugs, alcohol, sleep or any other similar impairment of cognition and such condition is known or should have reasonably been known to the defendant.
>
> (c) The victim is intentionally deceived as to the nature of the act.
>
> (d) The victim is intentionally deceived to erroneously believe that the person is the victim's spouse.

The jury was instructed, over defense objection, on the issue of consent as follows:

> "Without consent" means that the Defendant was aware or believed that the other person was coerced by the immediate or threatened use of force. The other person could not consent because of a mental disorder, alcohol or any other similar impairment of cognition, and the Defendant knew or reasonably should have known about the other person's condition.

Advisory counsel argued that there was not sufficient evidence presented to establish that the victim was suffering any mental disorder or condition which prevented her from giving consent to an act of sexual intercourse.

The defense did not contest the fact that the defendant had sexual relations with the victim, but argued that the acts had been performed with consent. The instruction given by the court permitted the jury to convict even if the victim, in fact, consented but by reason of her mental condition she was to be considered incapable of consenting. The jury was not given any further guidance. There was no instruction on the degree or severity of the mental disorder necessary before a victim could be considered incapable of consenting to sexual intercourse.

## I

■ We have not had occasion to consider the proper construction of the provision of A.R.S. § 13–1401(5)(b). The code section at issue was part of the criminal code revision in 1978. The prior code provision A.R.S. § 13–611 (1956) dealing with the mental condition of the victim provided:

> 2. Where the female is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent.

A.R.S. § 13–611(2). The above provision like its successor existed without Arizona appellate review or construction.

Former A.R.S. § 13–611(2) was similar to former section 261(2) of the California Criminal Code on this subject. That state's courts defined legal consent, in the context of mental capacity to consent to intercourse, as requiring that the female have "an intelligence capable of understanding the act, its nature and its possible consequences." *People v. Dolly*, 239 Cal.App.2d 143, 146, 48 Cal.Rptr. 478, 480 (1966). Substantially the same test is applied by a number of jurisdictions when the mental capacity of the victim to consent to intercourse is at issue. *People v. Blunt*, 65 Ill.App.2d 268, 212 N.E.2d 719 (1965); *People v. O'Neal*, 50 Ill.App.3d 900, 8 Ill.Dec. 871, 365 N.E.2d 1333 (1977); *State v. Sullivan*, 298 N.W.2d 267 (Iowa 1980); Annot., 31 A.L.R.3d 1227, 1234–37 (1970); 65 Am. Jur.2d, *Rape* § 9 at 766–67. The test for mental incompetence applied in the foregoing cases requires that a woman be so severely affected by a mental disorder that

she does not have the capacity to understand the nature of her conduct.

Although the wording of A.R.S. § 13–1401(5)(b) is different from that of its predecessor, the meaning and object of the current statute dealing with the subject of mental incapacity to consent to sexual intercourse is essentially the same. We believe that the test for mental capacity applied by the cited authorities should apply to the current statute. Thus, when the state asserts that the victim was incapable of consenting due to a mental disorder, it must prove that the mental disorder was an impairment of such a degree that it precluded the victim from understanding the act of intercourse and its possible consequences.

The evidence in this case, even when viewed in the light most favorable to sustaining the judgment, falls short of meeting the required test. The female victim had suffered a mental disability after a head injury several years earlier. Her capacity to remember facts and events had been affected. Her powers of concentration and abstract thinking had been reduced. The evidence discloses, however, that the victim was able and did pursue many matters on her own. She was capable of handling money and using a bank account. She had attended college carrying a very limited schedule, but she had maintained a significant measure of independent living. She was capable of making decisions, but she was easily influenced. The evidence discloses that the defendant was with the victim for about a week, and he dominated her activities. This element, however, more properly belongs in the category of coercion rather than mental disorder. The evidence established that she had a normal knowledge about sex and procreation.

The review of the evidence concerning the victim's mental capacity compels the conclusion that there was not sufficient evidence for the trial court to have submitted the issue of the victim's mental capacity to the jury. The case was submitted to the jury on a theory which was not justified by the evidence. This is, of course, improper. *State v. Caruthers*, 110 Ariz. 345, 519 P.2d 44 (1974). There was no special verdict, so we do not know whether the jury's verdict was based on the erroneous theory or on the contention that the defendant forced the victim to have sexual intercourse. Where there is the possibility that the defendant was convicted on deficient jury instructions, the conviction must be reversed. *State v. Schad*, 142 Ariz. 619, 691 P.2d 710 (1984).

II

The state filed a cross-appeal in this case challenging the order of the trial court dismissing the allegation of prior convictions. Since there must be a new trial in this case and the defendant may be convicted again, it is appropriate that we decide the state's cross-appeal.

Shortly after the filing of the indictment the state filed its allegation of prior felony convictions, alleging that the defendant had been previously convicted of four felonies in California. The defendant denied the allegation of prior convictions.

After defendant's trial and conviction on two counts of the indictment, the allegation of prior convictions was tried to the same jury. The jury deliberated on the issue of prior convictions, but they could not reach a unanimous decision. The defendant urged that it was a hung jury, and defendant's advisory counsel moved for a mistrial. Ultimately, the trial court concluded that the jury could not reach an agreement, and he declared a hung jury. The jury was discharged. The trial court granted advisory counsel's motion that the allegation of prior convictions be dismissed.

The defense argument was that our rules and the statute provide that the allegation of prior conviction be tried by the same jury which tried the substantive or current charge. A.R.S. § 13–604(K); Rule 19.1(b), Rules of Criminal Procedure. The decisions of this court also support that construction of the statute and rule. *State v. Gilbert*, 119 Ariz. 384, 581 P.2d 229 (1978); *State v. Crumley*, 128 Ariz. 302, 625 P.2d 891 (1981). The defense contended that the provisions of the statute and rule preclude

trial by any jury other than the one which tried the principal offense. This court has not addressed that issue. In *State v. Crumley, supra,* we expressly reserved decision on the question of whether under proper conditions a trial of the allegations of a prior conviction might be had before a different jury than the one which returned the verdict. *Crumley,* 128 Ariz. at 306, 625 P.2d at 895.

Prior to *Crumley* we had ordered a defendant retried on an allegation of prior conviction which had been reversed on appeal. *State v. McGuire,* 113 Ariz. 372, 555 P.2d 330 (1976). This court did not explain its disposition in *McGuire.* The Court of Appeals, however, in *State v. Riley,* 145 Ariz. 421, 701 P.2d 1229 (App.1985), did analyze the situation in which a finding of prior conviction is reversed on appeal. The Court of Appeals concluded that such a reversal is comparable to the reversal of a conviction of an offense, and retrial after reversal follows as a matter of course. The *Riley* court found nothing in the rules or statutes which indicated an intent to preclude a retrial after the reversal of a prior conviction. We agree with the reasoning and conclusion of the Court of Appeals.

Similarly, retrial after a mistrial caused by a hung jury is an accepted procedure in a criminal case. Why shouldn't the same rule apply to a mistrial on the trial of a prior conviction? We are not aware of any reason or policy which would prevent the trial of the issue before another jury.

■ Does the retrial offend the Double Jeopardy Clause? We think not. The defendant had urged that the jury was unable to reach a verdict on the allegation of prior convictions, and he sought a mistrial. When the defendant consents to the discharge of the jury he has no claim of double jeopardy. *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *State v. Soloman,* 125 Ariz. 18, 607 P.2d 1 (1980). Even if the defendant does not request a mistrial, a retrial before a new jury of an issue on which a former jury could not reach agreement does not violate double jeopardy principles. *Rich-ardson v. United States,* 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *State v. Weigel,* 145 Ariz. 480, 702 P.2d 709 (App. 1985).

■ The trial judge erred in dismissing the allegation of prior convictions. After the mistrial caused by the hung jury, the trial judge should have set the trial of the allegation of prior conviction to another jury.

### III

The conviction of the defendant and the order dismissing the allegation of prior convictions are reversed. The defendant is granted a new trial, and the allegation of prior convictions is reinstated.

GORDON, C.J., and MOELLER, J., concur.

Justices FELDMAN and CAMERON did not participate in the determination of this matter.