903 P.2d 1116

**STATE of Arizona, Appellee,**

v.

**Kerry Thomas JOHNSON, Appellant.**

**No. 1 CA–CR 94–0846.**

Court of Appeals of Arizona,
Division One, Department B.

Sept. 19, 1995.

Redesignated as Opinion and
Publication Ordered Oct. 17, 1995.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Toni Marie Valadez, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

SULT, Judge.

This matter came to us as an *Anders* appeal. Following our review of the record, we asked for supplemental briefs on the following issue:

Did the trial court err by enhancing defendant's sentence pursuant to A.R.S. § 13–604(R) when the fact question whether defendant committed the new felonies while released on bail or his own recognizance on a separate felony offense had not been submitted to the jury pursuant to A.R.S. § 13–604(P)?

Supplemental briefs were filed in which Defendant asserted and the state conceded that the trial court had erred.

A jury convicted Defendant of two counts of armed robbery (class two dangerous felonies) and three counts of aggravated assault (class three dangerous felonies). Before Defendant's trial, the state filed an allegation requesting enhancement pursuant to A.R.S. section 13–604(R) (Supp.1994–95). The state alleged that at the time of commission of the charged offenses defendant had been released on his own recognizance from a separate felony offense. However, Defendant did not admit this and the issue was not submitted to the jury. Nonetheless, after sentencing Defendant to the presumptive terms on each of the five charges, to run concurrently, the judge also enhanced each of the five sentences with the additional two years mandated by section 13–604(R).[1]

 A.R.S. section 13–604(P) (Sup.1994–95) reads in pertinent part:

The penalties prescribed by this section shall be substituted for the penalties otherwise authorized by law if the previous conviction, the dangerous nature of the felony or the allegation that the defendant committed a felony while released on bond or on his own recognizance *as provided in subsection R of this section* is charged in the indictment or information and admitted or found by the trier of fact.

(Emphasis added.) In the context of a prior conviction or dangerous nature felony allegation, it is well settled that unless the defendant admits such allegation, a jury finding is required where the principal charge is also tried to a jury. *State v. Hurley*, 154 Ariz. 124, 128, 741 P.2d 257, 261 (1987). No case has directly held the same for an allegation under subsection R. To the extent it has been alluded to, it seems to be taken for granted that a jury finding is required. *See, e.g., State v. Ault*, 157 Ariz. 516, 520, 759 P.2d 1320, 1324 (1988). Based on the plain lan-

---

1. A.R.S. section 13–604(R) was previously designated as subsection M and section 13–604(P) was previously designated as subsection K.

guage of the statute, we find that enhancement under subsection R is a question for the jury.

■ The trial court's oversight in this case is perhaps understandable in light of the fact that other status sentencing enhancements similar to that of subsection R have been held to be questions for the judge, not the jury. *State v. Turner*, 141 Ariz. 470, 475, 687 P.2d 1225, 1230 (1984) (parole); *State v. McNair*, 141 Ariz. 475, 485, 687 P.2d 1230, 1240 (probation); *see also State v. Caldera*, 141 Ariz. 634, 638, 688 P.2d 642, 646 (1984) (any other release from confinement). These enhancements, however, are found in another statute, § 13–604.02 (formerly § 13–604.01), where the requirement of a finding by the trier of fact is absent. Here the statutory language is clear that subsection R enhancement is a question for the jury, and it was fundamental error for the trial court not to have submitted it to this jury. *See State v. Styers*, 177 Ariz. 104, 112, 865 P.2d 765, 773 (1993).

■ We turn now to the question whether we remand to permit the state to retry Defendant's release status or whether we find the enhancement an illegal sentence and modify the sentence to eliminate the illegality. Generally, the same jury that tries the principal charge should also try subsection P sentencing enhancements. *State v. Johnson*, 155 Ariz. 23, 745 P.2d 81 (1987). However, there is nothing in our rules or statutes that explicitly prohibits a second jury from trying an allegation of prior convictions, and exceptions have been permitted. *Johnson*, 155 Ariz. 23, 27, 745 P.2d 81, 85 (1987) (mistrial after hung jury on priors); *State v. Riley*, 145 Ariz. 421, 701 P.2d 1229 (App.1985) (finding of prior conviction reversed on appeal).

*State v. Sherrill (Segelson)*, 168 Ariz. 469, 815 P.2d 396 (1991) teaches that such an exception is permitted only when the state is not at fault in creating the need for the new jury. *Id.* at 472, 815 P.2d at 399. In *Segelson*, the defendant had absconded and been tried and convicted *in absentia*. The state requested that the trial on the prior conviction await defendant's apprehension since it needed defendant's contemporaneous fingerprint exemplar to prove the prior. The trial court initially granted the state's request and discharged the jury. Upon defendant's capture, the trial court reversed itself.

The *Segelson* court, relying on *Johnson*, granted the state's request to try the prior conviction to a new jury.[2] In reviewing the prior cases on the subject, the court noted that in those cases such as *Johnson, supra*, and *Riley, supra*, where the state was not responsible for the necessity for a second jury, neither the rule nor the statute precluded the use of a second jury. Where the state bore a share of the blame, however, it was precluded from a retrial.

■ This was the result in *State v. Crumley*, 128 Ariz. 302, 625 P.2d 891 (1981), which disapproved the trial court's rounding up and reconvening the trial jury when it had already been discharged because the prior conviction issue had been overlooked. *Id.* at 305, 625 P.2d at 894. In *State v. Corrales*, 26 Ariz.App. 344, 548 P.2d 437 (1976), the court refused to permit the state at a subsequent retrial to maintain the allegation of prior convictions because it had failed to offer any proof on the issue at the first trial. Our review of this record discloses that the state made no effort to prove defendant's release status and did not object when the trial jury was discharged. We do not believe that this is a case where the state is blameless. We therefore conclude that the state is precluded from another chance to prove Defendant's status.

In its supplemental brief, the state has asked that we vacate the entire sentence so the trial court may resentence Defendant to aggravated terms, if it so chooses. The state asserts that the trial judge's selection of presumptive terms may have been influenced by the necessity of imposing the additional en-

---

**2.** The court also addressed a double jeopardy claim stating: "Although we agree that Arizona criminal defendants are guaranteed protection from double jeopardy in sentence enhancement proceedings, we do not believe that those princi- ples are implicated simply because the trial of the prior conviction allegation is set to a jury different from the one that has just convicted the defendant on the current felony charge." 168 Ariz. at 473–74, 815 P.2d at 400–01.

hancement. At sentencing, the trial judge simply noted with respect to the principal charges that although there were both aggravating and mitigating circumstances, neither outweighed the other. There is no indication whatsoever that the trial judge imposed these terms on any basis except those permitted by law. Here, the two year enhancement of subsection R was imposed separately and played no role in the judge's selection of presumptive terms. This is, therefore, not a case like *State v. MacGillivray,* 162 Ariz. 539, 785 P.2d 59 (App.1989).

■ Pursuant to A.R.S. § 13–4035 we have reviewed the record for other fundamental error and have found none. After filing of this decision, counsel's obligations pertaining to defendant's representation in this appeal have ended. Counsel need do no more than inform defendant of the status of the appeal and defendant's future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck,* 140 Ariz. 582, 684 P.2d 154 (1984). Defendant shall have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

We affirm the judgments of conviction entered below. We modify the sentences imposed thereon by deleting the two years on each sentence which was added pursuant to A.R.S. section 13–604(R).

WEISBERG, P.J., and LANKFORD, J., concur.