NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOWEL LEE GUTIERREZ, *Appellant.*

No. 1 CA-CR 19-0179
FILED 2-6-2020

Appeal from the Superior Court in Coconino County
No. S0300CR201701079
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1        Jowel Gutierrez appeals his convictions and sentences for two counts of aggravated assault on a police officer with a deadly weapon. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        At about 9:00 a.m. on November 28, 2017, Gutierrez's mother made the first of multiple 9-1-1 calls cautioning that her son "may be attempting suicide by cop." A Williams Police Officer was the first to arrive at the apartment complex where Gutierrez lived, parking his fully marked truck in an alley outside the apartment. A Detective arrived shortly after, parking a few feet behind the Officer and joining him in cover behind his truck. Officers from the Williams Police Department and the Coconino County Sheriff's Office set up a perimeter around the complex.

¶3        The Officer and the Detective noticed movement in a second-floor window, and then "shots rang out." The Detective recognized the distinct sound of a "7.62 by 39" round coming from a semi-automatic rifle (later identified as an SKS). Gutierrez fired at least eighteen shots, thirteen of which struck the Officer's truck as he and the Detective took cover behind it. Gutierrez punctuated this hail of gunfire by yelling, "Fuck Williams PD."

¶4        A standoff ensued.  Gutierrez talked to multiple people over the phone during the incident, including his work supervisor and his girlfriend. While speaking to his supervisor, Gutierrez made several threats to shoot or kill police officers. A Sergeant on the other side of the complex reached Gutierrez via phone. They spoke for around four to five minutes, and the Sergeant convinced Gutierrez to surrender peacefully. The Detective took Gutierrez into custody.

¶5        The State charged Gutierrez with two counts of attempted first-degree murder of a law enforcement officer acting in the line of duty, class two dangerous felonies (Counts 1 and 2); two counts of aggravated

assault of peace officers engaged in their official duties, class two dangerous felonies (Counts 3 and 4); one count of criminal damage of property valued between $2,000 and $10,000, a class five felony (Count 5); and one count of criminal damage of property valued at less than $250, a class two misdemeanor (Count 6), which was later dismissed at the State's request.

¶6        The jury trial lasted seven days. Gutierrez did not testify. In her closing argument, Gutierrez's counsel made several statements purporting to represent his thought process during the standoff. This included references to what was going on "in his mind," and even quotations representing Gutierrez's inner-monologue: "[H]e thinks, 'Well, you know what? Maybe if I say these things, these horrible things, they'll take me seriously. And I'll provoke them. I'll incite them. And this will all be over.'" She further argued that Gutierrez chose to fire the shots after he "decided, 'This isn't working. I haven't done enough yet[,]'" and that "[t]o [Gutierrez's] amazement, the officer didn't return fire. . . . But in that moment, [Gutierrez] didn't know that kind of restraint would be exercised. He's thinking, 'Okay, now for sure I've done enough. This is going to end. My life will be ended the way I want it to in this moment.'"

¶7        The prosecutor responded in his rebuttal closing argument. First, he explicitly cautioned the jury to remember that "the defendant has a right to not testify, and you cannot use that fact against him and you cannot guess about what he may have testified to, had he taken the stand." He then noted that defense counsel's closing argument contained a number of statements that the jury "never heard evidence about." When the prosecutor affirmatively noted that the jury "never heard the defendant say" the things defense counsel attributed to that internal monologue, defense counsel objected on due process grounds. The court overruled the objection and the prosecutor concluded by reminding the jury, "Nothing the attorneys say is evidence. And you have that jury instruction: You have to rely on what you heard from the witness stand."

¶8        The jury found Gutierrez guilty on Counts 3, 4, and 5, but could not render verdicts on Counts 1 and 2. Gutierrez moved for a new trial under Arizona Rule of Criminal Procedure 24.1, arguing, *inter alia*, that the prosecutor violated his constitutional rights by commenting on his failure to testify (the same statements which Gutierrez had objected to and moved to strike). The State responded, and the trial court denied the motion. The trial court sentenced Gutierrez to aggravated concurrent prison terms of thirteen years on Counts 3 and 4, and 1.5 years on Count 5. Gutierrez timely appealed from his convictions and sentences on Counts 3 and 4.

**DISCUSSION**

**¶9**        Gutierrez argues the trial court erred in allowing the portions of the State's closing argument referencing Gutierrez's failure to testify. We review the trial court's ruling on a motion for new trial for an abuse of discretion, *State. v. Neal*, 143 Ariz. 93, 97 (1984), but review constitutional issues *de novo*, *State v. Moody*, 208 Ariz. 424, 445, ¶ 62 (2004).

**¶10**        "The fifth amendment's protection against self-incrimination prohibits a prosecutor from telling the jury that a defendant's failure to testify supports an unfavorable inference against him." *State v. Fuller*, 143 Ariz. 571, 574 (1985) (citing *Lakeside v. Oregon*, 435 U.S. 333 (1978)); *see also* Ariz. Const. art. 2, § 10; A.R.S. § 13-117(B). "Whether a prosecutor's comment is improper depends upon the context in which it was made and whether the jury would naturally and necessarily perceive it to be a comment on the defendant's failure to testify." *State v. Rutledge*, 205 Ariz. 7, 13, ¶ 33 (2003). "To be constitutionally proscribed, a comment must be adverse; that is, it must support an unfavorable inference against the defendant and, therefore, operate as a penalty imposed for exercising a constitutional privilege." *State v. Mata*, 125 Ariz. 233, 238 (1980).

**¶11**        The prosecutor's statements here did not violate Gutierrez's right against self-incrimination. Gutierrez's counsel opened the door in her closing argument with several references to what was going on "[i]n [Gutierrez's] mind," and purporting to offer Gutierrez's inner-monologue during his standoff with police. The prosecutor responded to defense counsel's strategy by reminding the jury that Gutierrez's inner-monologue was not in evidence because he never testified. He reiterated the jury instruction that arguments from attorneys are not evidence. The prosecutor even reminded the jury that Gutierrez had a right not to testify, and that they could not use his failure to testify against him or speculate as to what his testimony would have been had he testified.

**¶12**        Taken in context, the jury would not "naturally and necessarily perceive" the prosecutor's statements to "support an unfavorable inference" against Gutierrez for exercising his right not to testify. Rather, the prosecutor only stressed the absence of evidence that defense counsel offered in her closing argument—namely, the speculative inner-monologue of someone who never testified. *See State v. Crumley*, 128 Ariz. 302, 305 (1981) ("Primarily, the prosecutor's reply was directed not at the failure to testify but at defense counsel's arguing his personal belief."); *State v. Arredondo*, 111 Ariz. 141, 144 (1974) ("[T]he remarks of the prosecutor did not go beyond a pertinent reply and were not prejudicial.").

The trial court did not err in overruling Gutierrez's objection, denying his motion to strike, or denying his motion for a new trial.

**CONCLUSION**

¶13        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA