542 P.2d 1162

**The STATE of Arizona, Appellant and Cross Appellee,**

v.

**J. E. WILSON, Appellee and Cross Appellant.**

**No. 2 CA–CR 661.**

Court of Appeals of Arizona, Division 2.

Dec. 2, 1975.

Rehearing Denied Jan. 7, 1976.

Review Granted Feb. 3, 1976.

Bruce E. Babbitt, Atty. Gen., Dennis DeConcini, Pima County Atty., by David L. Berkman, Deputy County Atty., Tucson, for appellant and cross appellee.

John N. Meis, Pima County Public Defender by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellee and cross appellant.

## OPINION

HOWARD, Chief Judge.

J. E. Wilson was convicted by a jury of the crime of possession of a pistol by a criminal in violation of A.R.S. Sec. 13–919 which provides as follows:

"B. A person violating the provisions of this section shall be punished by a fine of not more than two thousand dollars, by imprisonment in the state prison for not more than five years, or both, and shall forfeit the pistol."

At the time of sentencing the trial court treated appellee's violation as a misdemeanor, fined him $200 plus a surcharge of $20 for a total fine of $220, and placed him on probation for eleven months and twenty nine days. The probation portion of the sentence was subsequently stricken by the court.

The State of Arizona has appealed from the sentence of the trial court contending that the trial court was without jurisdiction to treat the crime as a misdemeanor.

Appellee has cross-appealed alleging that the trial court erred in admitting certain of his statements, in denying his motion for a directed verdict of acquittal, and in deny- ing his motion to suppress the pistol introduced into evidence.

A.R.S. Sec. 13–103(B) provides:

"B. When a crime or public offense punishable by imprisonment in the state prison is also punishable by fine or imprisonment in a county jail, in the discretion of the court, it shall be deemed a misdemeanor for all purposes after a sentence imposing a punishment other than imprisonment in the state prison."

■ The trial court believed that under the foregoing statute it could, by merely fining appellee, make the conviction a mis-

demeanor. This view is not correct. Under A.R.S. Sec. 13–103(B) a crime must be punishable both by way of fine *and* by imprisonment in the county jail to allow treatment as a misdemeanor. If the jail sentence is not an option, but only the fine and the prison term are available as punishments, the crime is a felony. *Huerta v. Flood,* 103 Ariz. 608, 447 P.2d 866 (1968).

As for the cross-appeal, the record shows that on January 12, 1975, Officer Thomas Clark of the Tucson Police Department was working an off-duty job at a swap meet at the Midway Drive-Inn Theater in Tucson. There he saw appellee directly behind a table on which were a pistol and a rifle. No one else was in front of or behind the table other than Mr. Wilson. Officer Clark knew Wilson was a convicted felon and also knew that he had been involved in a shooting case. Because he believed Mr. Wilson to be dangerous, Officer Clark went to call a backup unit and returned to the table. While he was waiting for the backup unit to arrive, he asked appellee if the pistol was for sale and if it worked. Mr. Wilson answered in the affirmative to both questions. At that point the officer placed him under arrest and read him his constitutional rights.

Appellee moved to suppress the pistol and the statements made prior to the giving of the "Miranda" warnings. These motions were denied.

■ All of appellee's contentions rest upon the point in time when the arrest can be considered to have taken place. His major contention is that when the officer walked up to the table to ask him questions about the pistol, he was at that time under "arrest". He further contends that this "arrest" was without probable cause since his mere presence at the scene did not give probable cause for an arrest. Therefore, appellee reasons, the evidence of the pistol and the statements made prior to the "Miranda" warnings were the result of an unlawful arrest. We do not agree.

In *State v. Bainch,* 109 Ariz. 77, 79, 505 P.2d 248, 250 (1973) the Court stated:

"The fact that an officer may be suspicious of an individual is not the test as to whether Miranda warnings must be given prior to questioning, nor is the mere presence of a police officer to be considered a restraint on the suspect's liberty. The vital point is whether, examining all the circumstances, the defendant was deprived of his freedom of action in any significant manner, and the defendant was aware of such restraint. In the latter instance the Miranda warnings are required to be given before the statements of the defendant may be received in evidence against him."

The questioning of Mr. Wilson at the swap meet occurred in an investigatory setting and not a custodial one and therefore the Miranda warnings were not necessary.

Appellee also contends that the trial court should have directed a verdict in his favor because there was no evidence outside of his admission to prove corpus delicti. To support this contention he maintains that the only independent evidence to connect him to the pistol was the fact of his presence. This contention is also without merit. Mr. Wilson was the only one at the table and this is not a case of "mere presence".

The judgment of the court finding appellee guilty of the crime of possession of a pistol by a criminal is affirmed. However, that portion of the judgment adjudging the crime to be a misdemeanor is hereby set aside, the sentence of the trial court is set aside, and the case is remanded for further proceedings consistent herewith.

KRUCKER and HATHAWAY, JJ., concur.