548 P.2d 23

**STATE of Arizona, Appellant and Cross-Appellee,**

v.

**J. E. WILSON, Appellee and Cross-Appellant.**

**No. 3400–PR.**

Supreme Court of Arizona, En Banc.

April 7, 1976.

Rehearing Denied May 12, 1976.

**146**

Bruce E. Babbitt, Atty. Gen., Phoenix, Dennis DeConcini, Pima County Atty. by David L. Berkman, Deputy County Atty., Tucson, for appellant and cross-appellee.

John M. Neis, Pima County Public Defender by Kenneth J. Peasley, Asst. Public Defender, Tucson, for appellee and cross-appellant.

HAYS, Justice.

J. E. Wilson, appellee/cross-appellant, was convicted, after trial by jury, of possession of a pistol by a criminal in violation of ARS § 13–919. He was convicted as a misdemeanant; fined in the amount of $200, with a surcharge of $20; and was placed on probation for a period of 11 months and 29 days. The trial court thereafter amended the sentence by striking the provision relating to probation. The Court of Appeals affirmed the conviction but remanded the case for resentencing. We accepted the petition for review in this matter. The opinion of the Court of Appeals is vacated. *State v. Wilson,* 25 Ariz.App. 282, 542 P.2d 1162 (1975).

On January 25, 1975, the appellee was observed by an officer of the Tucson Police Department at a swap-meet located in the Midway Drive-In Theater in the city of Tucson. Appellee was selling merchandise at one of the stands. The officer noticed a pistol located on the table directly in front of appellee, which contained various items of merchandise for sale. Since he recognized appellee and was aware of his prior felony conviction, the officer questioned appellee and established that the pistol was for sale, was in working order, and that appellee had test-fired it. Identification was thereupon requested and produced, and appellee was advised of his constitutional rights.

 Several issues are raised by appellee on cross-appeal. Appellee's first argument challenges the trial court's denial of his motion for a directed verdict, which was based on the fact that there was no independent foundational evidence of the corpus delicti. Corpus delicti is made up of two elements: " '(1) That a certain result has been produced, . . . and (2) that some person is criminally responsible for the act.' " *State v. Thomas,* 78 Ariz. 52, 275 P.2d 408 (1954). Before a confession may be used against a defendant

"foundational proof by independent evidence . . . sufficient, . . . to warrant a reasonable inference that the crime charged was actually committed by some person," must be submitted. *State v. Hernandez,* 83 Ariz. 279, 320 P.2d 467 (1958). The record contains proof of the officer's recognition of appellee, which included knowledge of his prior conviction. There is also proof connecting appellee with the pistol. The officer testified that appellee was the sole person behind the table upon which the pistol was displayed for sale. We hold that there was sufficient evidence to warrant a reasonable inference that the crime charged was committed.

■ Appellee next argues that the trial court erred in denying his motion to suppress the pistol introduced into evidence. In essence, appellee urges this court to find that the pistol was the fruit of an illegal arrest. "An officer may make an arrest of an individual without a warrant if the officer has probable cause to believe that the person to be arrested has committed a felony. ARS § 13–1403." *State v. Gillin,* 112 Ariz. 348, 541 P.2d 1150 (1975). "There is probable cause if the arresting officer has a sufficient knowledge of facts and circumstances to justify a man of prudence and reasonable caution to believe that a felony has been committed (citations omitted)." *State v. Stauffer,* 112 Ariz. 26, 536 P.2d 1044 (1975). Our review of the record reveals that there is sufficient evidence of probable cause to arrest appellee. In light of this finding, we hold that the pistol was properly seized by the officer pursuant to a valid arrest.

■ Appellee finally argues that the trial court erred in admitting into evidence certain statements made by him, without his having been advised of his *Miranda* warnings. "Custody is now the crucial issue in determining whether Miranda warnings are necessary before a statement by defendant may be received in evidence against him." *State v. Bainch,* 109 Ariz. 77, 505 P.2d 248 (1973). The police officer approached appellee's table and asked him several questions concerning the pistol. During the questioning, appellee was not restrained in any way. Appellee remained behind the table while the officer stood in front. The purpose of the questioning was clearly investigatory. The officer was attempting to determine appellee's connection with the pistol. The questioning was brief and "comes within the scope of 'general on-the-scene questioning' permissible under *Miranda* without the necessity of advising the subject of his rights." *State v. Bainch, supra.* We therefore hold that the confession was properly admitted into evidence.

■ The trial court treated the charge as a misdemeanor and sentenced appellee accordingly. In its brief, the appellant, State of Arizona, argues that the trial court erred in reducing the violation of ARS § 13–919 from a felony to a misdemeanor. In *Huerta v. Flood,* 103 Ariz. 608, 447 P.2d 866 (1968), this court construed ARS § 13–103(B) to allow the trial court discretion in reducing a crime from a felony to a misdemeanor only when the crime or public offense is "punishable by imprisonment in the state prison" *and is* "also punishable by fine or imprisonment in a county jail, in the discretion of the court." The language of ARS § 13–103(B) has not been changed since our decision in *Huerta v. Flood, supra.* We therefore hold that any crime or public offense punishable by imprisonment in the state prison is a felony and remains a felony where an alternative fine may be or is imposed. When the trial court is given the discretion to punish by a term of imprisonment in the county jail, a charge may be reduced to a misdemeanor.

The judgment of conviction is affirmed, the sentence is vacated, and this matter is remanded to the trial court for resentencing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.