NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

VIRGIL MARVEL TOGSTAD, III,
*Appellant.*

No. 1 CA-CR 15-0119
FILED 03-29-2016

Appeal from the Superior Court in Maricopa County
No.  CR2011-005503-001
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Chris DeRose
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kenton D. Jones joined.

**O R O Z C O**, Judge:

**¶1**      Virgil Marvel Togstad, III, appeals his conviction and sentence for one count of promoting prison contraband, a class two nondangerous felony. On appeal, Togstad argues that the trial court abused its discretion when it overruled his foundation objection to certain evidence and that he was entitled to a jury trial on his prior conviction offered for sentencing pursuant to Arizona Revised Statutes (A.R.S.) section 13-708.A and D (West 2016).[1]

## FACTS[2] AND BACKGROUND

**¶2**      On October 18, 2010, Togstad was incarcerated in the Maricopa County Fourth Avenue Jail Detention Center awaiting trial on other charges. During a random search of Togstad's cell, detention officers discovered two sharpened, plastic objects hidden in a bible under the top bunk mattress assigned to Togstad. Togstad admitted that the items were his. At trial on the contraband charge, over Togstad's objection, the court admitted a page acknowledging receipt of the jail's rules and regulations, allegedly signed by Togstad. The jury found Togstad guilty. Prior to sentencing, the trial court found Togstad had one historical prior; a 2007 class six nondangerous felony conviction for disorderly conduct, a domestic violence offense. Pursuant to A.R.S. § 13-703.B and I, the court sentenced Togstad to a presumptive term of 9.25 years' incarceration.

---

[1]      Absent a material change, we cite to the most recent version of a statute. According to the record on appeal, Togstad was sentenced pursuant to A.R.S. § 13-703, not -708.

[2]      We view the facts in the light most favorable to sustaining the trial court's verdict. *State v. Flores*, 201 Ariz. 239, 240, ¶ 2 (App. 2001).

¶3          Togstad timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A, 13-4031 and -4033.

I.          Admission of Signature Page

¶4          A charge of promoting prison contraband requires proof that Togstad knowingly made, obtained or possessed contraband in a correctional facility.  *See* A.R.S. § 13-2505.A.3.  The State offered the inmate rules and regulations policy acknowledgement signature page as evidence Togstad was aware that the jail prohibited possession of any item that could be used as a deadly or dangerous weapon as contraband.  On appeal, Togstad contends that the trial court improperly admitted the signature page, claiming there was insufficient foundation to authenticate his signature.  The trial court's determination that adequate foundation was provided for the admission of evidence is reviewed on appeal for an abuse of discretion.  *State v. George*, 206 Ariz. 436, 446, ¶ 28 (App. 2003).  A ruling is an abuse of discretion when "the reasons given by the court . . . are clearly untenable, legally incorrect, or amount to a denial of justice."  *State v. Chapple,* 135 Ariz. 281, 297 n.18 (1983), *superseded by statute on other grounds*.

¶5          A proponent of evidence must establish foundation by first authenticating or identifying the evidence.  Ariz. R. Evid. 901(a).  The proponent does this by producing "evidence sufficient to support a finding that the item is what the proponent claims it is."  *Id.*  Authentication may be accomplished when a witness with knowledge testifies that "an item is what it is claimed to be."  *Id.* at 901(b)(1).  The trial court's role is not to determine the authenticity of the evidence, but instead to determine "whether evidence exists from which the jury could reasonably conclude that it is authentic."  *State v. Lavers*, 168 Ariz. 376, 386 (1991).

¶6          We cannot say that the trial court's admission of the evidence was "clearly untenable, legally incorrect, or amount[ed] to a denial of justice."  *Chapple,* 135 Ariz. at 297 n.18.  At trial, a detention officer testified that it was the practice of officers to provide the rules and regulations to each inmate and to obtain a signature from each before assigning housing.  Testimony of the jail's practice "could raise a reasonable inference that proper procedures were followed in this case." *See State v. Stotts*,  144 Ariz. 72, 79 (1985) (holding that a parole officer's testimony that it was the practice to provide copies of probation conditions to parolees was sufficient to support a finding that the defendant had received them).  Further, Togstad provided no evidence or testimony to refute the detention officer's testimony.  On this record, we find no abuse of discretion.

II.        Jury Trial on Prior Convictions

¶7        Togstad also argues that the trial court erred by failing to conduct a jury trial to prove his prior conviction.  Because Togstad did not raise this issue in the trial court, we review for fundamental error.  *State v. Robles*, 213 Ariz. 268, 272, ¶ 12 (App. 2006).  To prevail under fundamental error review, Togstad must establish that fundamental error exists and that the error was prejudicial.  *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).  An error is fundamental when a defendant shows "the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial."  *Id.* at 568, ¶ 24.

¶8        The State noticed its intent to allege a 2007 felony disorderly conduct conviction as a historical prior before trial.  Prior to sentencing, the trial court heard testimony from a Maricopa County Sheriff crime lab unit employee who offered evidence documenting Togstad's 2007 felony conviction for disorderly conduct, a nondangerous domestic violence offense.  The evidence indicates that Togstad pled guilty to the 2007 disorderly conduct charge.  In arguing the prior conviction should have been submitted to a jury, Togstad relies on *State v. Gross* 201 Ariz. 41 (App. 2001) and *State v. Large*, 234 Ariz. 274 (App. 2014), arguing he was entitled to a jury trial for any enhancement that would increase his sentence.

¶9        In *Apprendi v. New Jersey*, the United States Supreme Court held that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."  530 U.S. 466, 490 (2000) (emphasis added).  *See also Alleyne v. United States*, 133 S. Ct. 2151, 2168 (2013) (observing that any fact, *other than a prior conviction*, that increases the mandatory minimum sentence must be found by a jury).  Because Togstad's historical prior was a conviction, a trial by jury was not required.

¶10        Even if we accept Togstad's argument that he was entitled to a trial by jury to determine whether his 2007 conviction was, in fact, a conviction, his argument does not survive a fundamental error review, because a reasonable jury would find that Togstad had been convicted of the 2007 offense based on the evidence presented to the trial court.  We find no error.  *See Large*, 234 Ariz. at 280, ¶ 19 (holding that a defendant was entitled to a jury trial to prove his release status, but failure to provide one was harmless error when no reasonable jury could conclude the defendant was *not* on parole).

## CONCLUSION

¶11      For the foregoing reasons, we affirm Togstad's conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: RT