NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

LENNIE THOMAS,
*Appellant*.

No. 1 CA-CR 15-0045
FILED 4-7-2016

Appeal from the Superior Court in Maricopa County
No. CR 2013-030204-001
The Honorable Richard L. Nothwehr, Commissioner

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Terry J. Adams
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

**O R O Z C O**, Judge:

**¶1** Lennie Thomas (Defendant) appeals his conviction and sentence for burglary in the third degree, a class four felony, with two prior historical felony convictions. Pursuant to *Anders v. California,* 386 U.S. 738 (1967) and *State v. Leon,* 104 Ariz. 297 (1969), Defendant's counsel has filed a brief indicating he searched the entire record, found no arguable question of law, and asked this court to review the record for fundamental error. Defendant was given the opportunity to file a supplemental brief in propria persona, but did not. For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2** Late in the evening, Officer Tunis of the Mesa Police Department responded to a burglary alarm call at a business complex. While patrolling near the burglarized building, Officer Tunis observed Defendant standing alone at a well-lit bus stop at a time the buses do not run. Officer Tunis testified Defendant's all black attire, black backpack, and black sun glasses caught his attention. After questioning Defendant at the bus stop, Officer Tunis arrested Defendant and took him in for booking.

**¶3** Officer Tunis then returned to the burglary scene to resume canvasing of the area for other suspicious persons, vehicles, or evidence. Inside the ransacked building Officer Tunis discovered a shoe print on a large desk calendar and broken glass at the front door.

**¶4** Later, Officer Tunis visited Defendant in the holding facility. Defendant was lying in his cell with his feet towards the door. Officer Tunis noticed the size of Defendant's shoe was similar to the print found at the scene. After taking the shoes away from Defendant, Officer Tunis perceived a fresh shard of glass embedded in the bottom of the shoes and lacerations in the rubber soles.

---

[1] We view the facts in the light most favorable to sustaining the trial court's verdict. *State v. Flores,* 201 Ariz. 239, 240 ¶ 2, 33 (App. 2001).

¶5        Rebecca Winger, crime scene specialist, photographed damage to the door and collected small pinkish/red rubber pieces in the broken glass around the door.  Ms. Winger opined that Defendant's shoes had a pinkish/red colored rubber in the detail of the sole similar to the rubber found at the crime scene.  Similarly, Officer Tunis testified that the sole of Defendant's shoe matched the shoe print found at the scene.

¶6        The jury found Defendant guilty of burglary in the third degree.  The trial court sentenced Defendant to ten years' imprisonment with credit for 391[2] days of presentence incarceration.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) section 12-120.21.A.1 (West 2016).[3]  Finding no reversible error, we affirm.

## DISCUSSION

¶7        When evidence is challenged on appeal, it is viewed "in the light most favorable to sustaining the conviction."  *State v. Tison*, 129 Ariz. 546, 552 (1981).  All reasonable inferences are resolved against Defendant. *Id.*  A reversal of a conviction based on insufficiency of evidence requires a clear showing that there was insufficient evidence to support the jury's conclusion under any hypothesis whatsoever.  *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004).

¶8        Under A.R.S. § 13-1506.A.1,"[a] person commits burglary in the third degree by . . . [e]ntering or remaining unlawfully in or on a nonresidential structure or in a fenced commercial or residential yard with the intent to commit any theft or any felony therein."  Evidence of an unauthorized entry made by force is sufficient to form the requisite intent. *State v. Malloy*, 131 Ariz. 126, 130 (1981).  The State presented sufficient evidence at trial to support the jury's verdict.  Defendant's location near the break in, attire, the shards of glass in the sole of his shoe, remnants of red shoe rubber at the point of entry, and the shoe print match provided sufficient circumstantial evidence to support the jury's verdict.

---

[2]        The record on appeal is devoid of sufficient evidence to confirm that the court properly calculated Defendant's presentence incarceration credit, so we do not address it.

[3]        We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶9            Defendant admitted to four prior felony convictions, two of which are historical priors as defined under A.R.S. § 13-105.D.  Defendant's presumptive sentence was ten years with a maximum aggravated term of fifteen years.    A.R.S.  13-703.J.    Defendant's  sentence  was  within  the permitted range.   The trial court credited Defendant with 391 days of presentence incarceration.   Because the jury properly found Defendant guilty under A.R.S. § 13-105, the sentence was legal.

## CONCLUSION

¶10            We  have  read  and  considered  counsel's  brief.    We  have carefully searched the entire appellate record for reversible error and have found none.  *See State v. Clark*, 196 Ariz. 530, 541, ¶ 49 (App. 1999).  All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  We find substantial evidence supported the jury's guilty verdict.  Defendant was represented by counsel at all critical stages of the proceedings.  At sentencing, Defendant and his counsel were given an opportunity to speak and the court imposed a legal sentence.  For the foregoing reasons, Defendant's conviction and sentence are affirmed.

¶11            Counsel's       obligations       pertaining       to       Defendant's representation in this appeal have ended.  *See State v. Shattuck*, 140 Ariz. 582, 584 (1984).  Counsel need do nothing more than inform Defendant of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review.  *See Id.* at 585.  Defendant has thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

¶12            For  the  foregoing  reasons,  Defendant's  conviction  and sentence is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama