31 P.3d 815

**STATE of Arizona, Appellee,**

v.

**Lance Christian GROSS, Appellant.**

**No. 1 CA–CR 00–0269.**

Court of Appeals of Arizona, Division 1, Department D.

Sept. 4, 2001.

Review Denied Jan. 8, 2002.

---

meet 803(8)(B), it might still contain second level hearsay that might be excisable.

* The Honorable Margaret H. Downie, a judge of the Maricopa County Superior Court, was autho-rized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.

Janet A. Napolitano, Attorney General, by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Greg A. McCarthy, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender, by Lawrence S. Matthew, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GARBARINO, Judge.

¶ 1 Relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we vacate the trial court's determination that the defendant, Lance Christian Gross, committed a new offense while awaiting trial on a separate felony offense. We find that, absent waiver by a defendant, the State must prove beyond a reasonable doubt that the defendant was on pretrial release and a jury must so determine before a sentence can be enhanced pursuant to Arizona Revised Statutes (A.R.S.) § 13–604(R) (2001).

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 A jury convicted the defendant of two counts of forgery, class 4 felonies. Before the defendant's sentencing, the trial court found that the State had proved beyond a reasonable doubt that the defendant had one prior felony conviction. By taking judicial notice of a superior court record, the court also found beyond a reasonable doubt that the defendant had committed the forgery offenses for which he was convicted while released on bond for another felony offense. The trial court sentenced the defendant to concurrent mitigated terms of three and one-half years in prison, then added two years on each count as required by A.R.S. § 13–604(R), for a total of five and one-half years in prison. The defendant timely appealed. We have jurisdiction pursuant to the Arizona Constitution, article 6, section 9, and A.R.S. §§ 12–120.21(A)(1) (1992), 13–4031 (2001), and 13–4033(A)(3) (Supp.2001).

## DISCUSSION

I. *The Applicability of Apprendi v. New Jersey*

¶ 3 In *Apprendi,* the Supreme Court held that a New Jersey "hate crime law" that mandated an extended term of imprisonment based on a judicial finding made after the jury returned the initial verdict violated the defendant's due process rights. *See* 530 U.S. at 497, 120 S.Ct. 2348. A divided Court concluded that a sentence enhancement provision was the "functional equivalent" of an element of a greater offense and, as such, warranted a jury determination. *Id.* at 494 n. 19, 120 S.Ct. 2348.

¶ 4 *Apprendi* had not yet been decided when the defendant in this case was sentenced. However, "because [*Apprendi* ] presents a new rule of constitutional law, its rationale is applied to cases pending on direct review." *State v. Tschilar,* 200 Ariz. 427, 432, ¶ 15, 27 P.3d 331, 336, ¶ 15 (App. 2001) (citing *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987)). Whether *Apprendi* requires that release status under A.R.S. § 13–604(R) be found by a jury beyond a reasonable doubt is a question of law, which we review de novo. *See State v. Virgo,* 190 Ariz. 349, 352, 947 P.2d 923, 926 (App.1997).

¶ 5 Apprendi pled guilty to two counts of possession of a firearm for an unlawful purpose and one count of unlawful possession of an antipersonnel bomb. 530 U.S. at 469–70, 120 S.Ct. 2348. Apprendi admitted having fired several shots into the home of an African American family that had recently moved into a previously all-white neighborhood. *Id.* at 469, 120 S.Ct. 2348. After his arrest, Apprendi stated that he did not know the family members personally, but did not want them in the neighborhood because they were black. *Id.* He later retracted the statement. *Id.* As part of the plea agreement, the prosecutor reserved the right to request an enhanced sentence for one of the two counts alleging possession of a firearm for an unlawful purpose, contending that the offense had been committed with a biased purpose under state statute. *Id.* at 470, 120 S.Ct. 2348. Without the enhancement, the range of sentence was five to ten years in prison; with the enhancement, the range of sentence was ten to twenty years in prison. *Id.* at 468–69, 120 S.Ct. 2348. The trial court concluded that the crime was motivated by racial bias, applied the enhancement provision, and sentenced Apprendi to twelve years in prison with concurrent shorter terms on the other two counts. *Id.* at 471, 120 S.Ct. 2348. Apprendi argued on appeal that due process requires a jury to determine beyond a reasonable doubt if the defendant's sentence should be enhanced based on the hate crime statute. *Id.* The New Jersey Superior Court Appellate Division and the New Jersey Supreme Court affirmed the trial court. *Id.* at 471–72, 120 S.Ct. 2348. The United States Supreme Court reversed. *Id.* at 497, 120 S.Ct. 2348.

¶ 6 The Supreme Court found that, under the Due Process Clauses of the Fifth and Fourteenth Amendments and the right to a jury trial in the Sixth Amendment, "it is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Id.* at 490, 120 S.Ct. 2348 (quoting *Jones v. Unit-*

*ed States,* 526 U.S. 227, 252, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (Stevens, J., concurring)). The Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*

¶ 7 The Supreme Court was mindful of the historical division between the functions of the judge and the jury. Without eroding the discretion of the sentencing judge to consider factors bearing upon the extent of punishment to be imposed within the statutory limits fixed by the legislature, the Court remained steadfast to the basic principle that it is the jury that must determine whether an accused faces a given sentence within those limits. Justice Stevens reasoned that "[i]f a defendant faces punishment beyond that provided by statute when an offense is committed under certain circumstances but not others, it is obvious that both the loss of liberty and the stigma attaching to the offense are heightened...." *Id.* at 484, 120 S.Ct. 2348.

■ ¶ 8 Arizona Revised Statutes § 13–604(R) increases the maximum sentence by two years for one who commits a felony while released on bail, on his or her own recognizance, or while escaped from preconviction custody. Arizona Revised Statutes § 13–604(P) places the duty on the trial court to ascertain the defendant's release status.

¶ 9 The defendant was found guilty by a jury of committing two class 4 felonies. Those verdicts exposed the defendant, who had one prior felony conviction, to a sentencing range between 2.25 years and 7.5 years in prison. *See* A.R.S. § 13–702(A) (2001); A.R.S. § 13–702.01(C),(D) (2001). The additional finding by the trial court that the defendant was on release status exposed the defendant to a maximum sentence on each count of 9.5 years in prison, which exceeded the statutory maximum for the offense. The plain language in *Apprendi* requires that the defendant's release status be submitted to the jury and proved beyond a reasonable doubt.

¶ 10 The State, citing *State v. Hurley,* 154 Ariz. 124, 741 P.2d 257 (1987), argues that release status need not be submitted to a jury because it is a sentence enhancer rather than an offense element. In *Hurley,* the Arizona Supreme Court, considering *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), articulated four reasons for its conclusion that the commission of an offense while on release from confinement pursuant to A.R.S. § 13–604.02 was a sentencing factor that could be determined by the court. *Hurley,* 154 Ariz. at 130, 741 P.2d at 263. The State contends that release status pursuant to A.R.S. § 13–604(R) is merely a sentence enhancement. *Apprendi,* however, has seriously undermined *Hurley* as it relates to A.R.S. § 13–604(R).

■ ¶ 11 First, the *Hurley* court concluded that the United States Supreme Court had not presented a bright-line test for deciding when a factor that affects a sentence must be submitted to a jury. 154 Ariz. at 130, 741 P.2d at 263. *Apprendi,* however, has now clearly established a bright-line test, holding that any fact other than a prior conviction that increases the maximum statutory penalty to which a defendant is exposed must be found by the jury beyond a reasonable doubt. 530 U.S. at 490, 120 S.Ct. 2348.

¶ 12 Second, in *Hurley,* Justice Feldman reasoned that being on release is a factor to be considered once the elements of the underlying offense have been found and that being on release had never been recognized as an element of an offense but had been long recognized as a sentencing consideration. *Hurley,* 154 Ariz. at 130, 741 P.2d at 263. But we now have *Apprendi,* which dismisses any difference between "elements" and "sentencing factors" as a "constitutionally novel and elusive distinction." 530 U.S. at 494, 120 S.Ct. 2348. The *Apprendi* Court concludes that "the relevant inquiry is one not of form, but of effect—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Id.* If it does, then it is the "functional equivalent of an element of a greater offense than the one covered by the jury's guilty verdict. Indeed, it fits squarely within the usual definition of an 'element' of the offense." *Id.* at 494 n. 19, 120 S.Ct. 2348.

¶ 13 The third reason urged by *Hurley* for finding release status to be an enhancement rather than an element was that determining release status did not require a subjective evaluation but could be accomplished by reviewing objective, documentary evidence. 154 Ariz. at 130, 741 P.2d at 263. This is true with respect to release prior to trial, as in the defendant's case, particularly when the sentencing court could merely take judicial notice of its own records. *See* Ariz. R. Evid. 201(b) (defining a "judicially noticed fact"); *State v. Astorga*, 26 Ariz.App. 260, 261 n. 1, 547 P.2d 1060, 1061 n. 1 (1976) ("A court may take judicial notice of the record in another action tried in the same court.").

¶ 14 *Apprendi* focuses on a defendant's right to have a jury decide facts that affect the potential punishment. Indeed, with the exception of the fact of a prior conviction, *Apprendi* requires that *any* determination exposing a defendant to a penalty exceeding the maximum be submitted to the jury. 530 U.S. at 490, 120 S.Ct. 2348. Under *Apprendi*, it is a defendant's exposure to additional punishment, not the ease or accuracy with which that fact can be determined by a trial court, that is pivotal in triggering a defendant's right to have a jury decide.

¶ 15 Finally, the *Hurley* court reasoned that release status was the type of fact that could be applied as a sentence enhancer to numerous offenses in the criminal code and was not an element of any particular crime. 154 Ariz. at 130, 741 P.2d at 263. The Supreme Court in *Apprendi* dismissed this reasoning as well, noting that New Jersey's substantially similar argument was "nothing more than a disagreement with the rule we apply today." 530 U.S. at 492, 120 S.Ct. 2348.

¶ 16 *Hurley* cannot control our analysis and will not support the contention that *Apprendi* has no application to release status under A.R.S. § 13–604(R).[1] Because A.R.S. § 13–604(R) exposes a defendant to a sentence in excess of the statutory limits for the crime encompassed by the jury's verdict, it is the jury that must decide whether the defendant was in release status.

¶ 17 The State also suggests that release status is akin to a prior conviction and should share the exception for prior convictions voiced in *Apprendi*. We acknowledge that there is a strong similarity between release status enhancement and prior conviction enhancement. Both are independent of the facts constituting the underlying offense and can be easily determined by the trial court.

¶ 18 Even the *Apprendi* Court conceded the possibility that a previously decided case holding that a prior conviction does not need to be proved beyond a reasonable doubt to a jury may have been incorrectly decided. 530 U.S. at 489–90, 120 S.Ct. 2348 (analyzing *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998)). Nevertheless, because the defendant did not raise the issue of prior convictions, the *Apprendi* Court did not revisit the question. *Id.* The Supreme Court instead declared the *Almendarez–Torres* case to be a "narrow exception" to the *Apprendi* rule. *Id.* at 490, 120 S.Ct. 2348. From the Supreme Court's discussion, we conclude that the exception applied to prior convictions cannot constitutionally be expanded to include other facts.

¶ 19 We conclude that *Apprendi* requires that a defendant's release status under A.R.S. § 13–604(R) be determined by a jury beyond a reasonable doubt. Therefore, A.R.S. § 13–604(P), as currently written, is unconstitutional because the "legislature . . . remove[d] from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2348 (quoting *Jones*, 526 U.S. at 252, 119 S.Ct. 1215 (Stevens, J., concurring)).

## II. *The Proper Remedy*

¶ 20 Given that we have determined that the defendant was entitled to a jury

---

1. Our discussion of *Hurley* is limited to the application of its reasoning to whether release under A.R.S. § 13–604(R) is a sentencing factor that can properly be determined by a trial court un-

der *Apprendi*. We do not address what effect, if any, *Apprendi* may have on release from confinement under the current A.R.S. § 13–604.02, the precursor of which was the subject of *Hurley*.

determination on his release status, the State asks that we remand for a new jury trial on the release status issue. The defendant argues that a remand for a new trial on the enhancement issue is not appropriate and asks us to simply vacate the sentence enhancement. We agree with the State and remand for a new jury trial on the enhancement issue.

■■■ ¶ 21 Ordinarily, when enhancements are determined by a jury, they should be tried by the same jury that tried the substantive charge. *State v. Johnson (Johnson II)*, 183 Ariz. 358, 360, 903 P.2d 1116, 1118 (App.1995). When a sentence enhancement is overturned on appeal, and a defendant has waived a double jeopardy claim, no rules or statutes preclude a different jury from determining the sentence enhancement on retrial. *See State v. Riley*, 145 Ariz. 421, 421–22, 701 P.2d 1229, 1229–30 (App.1985) (believing that the defendant's sentence enhancement could be retried before a new jury because a retrial after reversal by an appellate court follows as a matter of course and because the defendant had waived any double jeopardy claim); *State v. Johnson (Johnson I)*, 155 Ariz. 23, 27, 745 P.2d 81, 85 (1987) (approving of the court of appeals' analysis in *Riley* and allowing the State to retry the defendant after the trial on the enhancement issue resulted in a hung jury, and hence, a mistrial). Retrial with a different jury is not permitted, however, when the State is responsible for the need for the retrial. *State ex rel. Neely v. Sherrill*, 168 Ariz. 469, 472–73, 815 P.2d 396, 399–400 (1991).

¶ 22 The defendant argues that the State was to blame for the need for a retrial here because the State should have known that it was required to prove to a jury beyond a reasonable doubt the defendant's release status, yet made no effort to prove that fact to the jury and did not object when the jury was dismissed. In *Johnson II,* a case strikingly similar to the instant case, this Court concluded that the State was precluded from using a second jury to decide a defendant's release status because the State "made no effort to prove … release status and did not object when the trial jury was discharged."

183 Ariz. at 360, 903 P.2d at 1118. Subsequently, however, the legislature amended A.R.S. § 13–604(P), which authorizes the trial court, rather than the jury, to determine a defendant's release status. *See* 1996 Ariz. Sess. Laws, ch. 34, § 1. Had the legislature not amended A.R.S. § 13–604(P) to allow the court to make the release status determination, we would be required to "find the enhancement an illegal sentence and modify the sentence to eliminate the illegality." *Johnson II,* 183 Ariz. at 360, 903 P.2d at 1118. Because of the legislature's amendment, however, *Johnson II* does not assist the defendant.

¶ 23 The defendant notes that the United States Supreme Court had already stated in *Jones* that it was unconstitutional for a legislature to remove from the jury the assessment of facts that resulted in an increase in the range of sentence. 526 U.S. at 253, 119 S.Ct. 1215 (Scalia, J., concurring). The defendant argues that the State therefore "should have known" that a jury finding was necessary and submitted the matter for jury consideration.

¶ 24 We disagree that the State was at fault and conclude that retrial is not precluded. The State did make an effort to prove and, in fact, did prove the enhancement factor in accordance with A.R.S. § 13–604(P), which requires the enhancement to be admitted by the defendant or found by the trial court. Although *Jones* had been decided, it did not require the State to submit the release status allegation to the jury contrary to State law.

¶ 25 In *Jones,* the Supreme Court held that sections of a federal carjacking statute that increased the range of a defendant's possible sentence depending on facts, such as whether a person was injured or killed, were "distinct elements" of "separate offenses" that had to be tried to a jury, rather than mere sentence enhancements. 526 U.S. at 230, 252, 119 S.Ct. 1215. In reaching this result, the Supreme Court interpreted the statute to avoid serious questions about the statute's constitutionality. 526 U.S. at 239, 119 S.Ct. 1215. In so doing, the Supreme Court made it clear that it was "not announc[ing] any new principle of constitutional

law, but merely interpret[ing] a particular federal statute in light of a set of constitutional concerns that have emerged ... over the past quarter century." 526 U.S. at 251 n. 11, 119 S.Ct. 1215.

¶ 26 Although the language in *Jones* may have foreshadowed *Apprendi, see* 530 U.S. at 490, 120 S.Ct. 2348, at the time the State proved the defendant's release status to the trial court, there had been no determination that *Jones* mandated a different procedure for proving release status than that already prescribed. We do not hold the State at fault for complying with then-valid Arizona law. Accordingly, we remand this matter for a new trial on the sentence enhancement issue.

## CONCLUSION

¶ 27 We conclude that A.R.S. § 13–604(P) is unconstitutional insofar as it allows the trial court, rather than the jury, to determine a defendant's release status. We conclude that the defendant's sentence enhancements were unconstitutional and are, therefore, vacated. Because the State was not at fault for the need for a retrial, we remand for a new trial on the sentence enhancement issue.

CONCURRING: NOEL FIDEL, Presiding Judge, and PHILIP HALL, Judge.