HALL, Judge,
dissenting.
¶ 24 The majority holds that § 13-604.01(L)(1) is inapplicable in those situations when a person recklessly injures a child while targeting someone else or when he fires a weapon in the direction of a group that includes a child. According to my colleagues, such a child is an unfortunate but nonetheless “fortuitous” victim. Thus, the majority determines that Castaneda did not commit a dangerous crime against children because the evidence does not show that he “solely, individually, or particularly” targeted A.G. as a victim. Supra ¶ 7. In so holding, the majority impermissibly narrows the reach of the statute as it applies to reckless crimes, particularly in cases involving multiple victims, by making the application of the statute hinge on a person’s intent rather than his conduct See Williams, 175 Ariz. at 102, 854 P.2d at 135 (“[T]he language ‘committed against a minor’ ... suggests that the conduct aims at, targets or focuses on a victim under the age of fifteen regardless of culpable mental state.”) (emphasis added); Samano, 198 Ariz. at 512, ¶ 24 n. 8, 11 P.3d at 1051 n. 8 (“In light of the legislature’s clear intent to protect children, conditioning designation of an offense as a dangerous crime against children upon the ultimate criminal objective of a defendant, rather than his actions, is wrong.”) (Timmer J., dissenting). Castaneda’s “reckless” conduct manifested his conscious disregard of a risk to A.G. as opposed to the general public; he did not merely “fortuitously injure [A.G.] by [his] unfocused conduct.” Sepahi, 206 Ariz. at 323, ¶ 11, 78 P.3d at 734 (Sepahi II) (quoting Williams, 175 Ariz. at 103, 854 P.2d at 136), vacating and remanding Sepahi, 204 Ariz. 185, 61 P.3d 479 (App.2003) (Sepahi I). Therefore, I would hold that his conviction for aggravated assault upon A.G. qualifies for designation as a dangerous crime against children.[6]
¶ 25 The imposition of an intent requirement in cases involving multiple victims is inappropriate. First, as observed by the supreme court in Sepahi II, the court of appeals went awry in construing § 13-604.01 by “stretch[ing] that statutory language beyond ordinary bounds to read it as also necessitating proof of some sort of special continuing dangerous status on the part of the defendant.” 206 Ariz. at 324, ¶ 16, 78 P.3d at 735. By limiting the application of the statute, the majority repeats the error in Sepahi I by “in effect amending] the statute to require proof of elements not set forth by the legislature[.]” Sepahi II, 206 Ariz. at 324, ¶ 15, 78 P.3d at 735.
¶ 26 Second, the majority’s approach will inevitably lead to inconsistent and unpredictable application of § 13-604.01. For example, constrained by the school bus hypothetical in Williams, which it refers to as dictum, the majority concedes the possibility that a defendant may target children by reckless conduct. Supra ¶ 21. Compare the Williams hypothetical to a situation involving a husband engaged in a bitter custody battle who enters an elementary school classroom full of children and, even though intending to target only his schoolteacher-wife, sprays the classroom with gunfire with the result that several children not specifically targeted are also seriously injured. Under the majority’s interpretation of the statute, the husband’s conduct would not qualify as a dangerous crime against children because he was not specifically targeting, aiming at, or focusing *362 on the children even though his actions posed as much, if not greater, harm to children than in the school bus hypothetical. Surely, the legislature could not have intended — and neither Williams nor Sepahi II compel — that the statute be applied in such an illogical manner. See Calik v. Kongable, 195 Ariz. 496, 499, ¶ 12, 990 P.2d 1055, 1058 (1999) (statutes should be interpreted in a way that avoids illogical or absurd results).
¶ 27 The question still remains — why does Castaneda’s conduct fall within the scope of § 13-604.01? The answer requires a closer examination of Williams and Sepahi II.
¶ 28 The aggravated assault in Williams involved a drunk driver who rammed his truck into the back of a station wagon, resulting in serious injuries to a fourteen-year-old boy. 175 Ariz. at 99, 854 P.2d at 132. In rejecting the state’s argument that § 13-604.01 is satisfied whenever the victim is under the age of fifteen, the supreme court repeatedly characterized Williams’ actions as “unfocused,” using that word to convey the notion that his reckless actions posed a risk to the general public and targeted no one in particular, not that his conduct was unfocused with respect to a particular victim. Id. at 101, 854 P.2d at 134 (referring to Williams’ act as “generalized unfocused conduct.”); id. at 103, 854 P.2d at 136 (“The spirit and purpose of § 13-604.01 are not well served by applying it to people like Williams ... who fortuitously injure children by their unfocused conduct.”); id. at 104, 854 P.2d at 137 (“The issue we resolve only arises in that rare case when, as here, an enumerated offense can be committed by unfocused actions, whether intentional, knowing or reckless in nature.”).[7]
¶ 29 In the Sepahi cases, there was no question that the child victim was the target of the defendant’s criminal conduct. Sepahi II, 206 Ariz. at 323, ¶ 13, 78 P.3d at 734. Instead, the issue was whether something more was required, namely, that the conduct posed some sort of “peculiar” risk to children. Id. at 322-23, ¶¶ 8, 13, 78 P.3d at 733-34. In Sepahi I, the court of appeals, relying on language it lifted from Williams, held that § 13-604.01 is inapplicable unless the defendant is “peculiarly dangerous to children” or poses “a direct and continuing threat to children.” 204 Ariz. at 189-90, ¶¶ 14-15, 61 P.3d at 483-84. In Sepahi II, the supreme court rejected the imposition of this additional requirement. 206 Ariz. at 323, ¶ 13, 78 P.3d at 734. Because there was no dispute that Sepahi pointed his gun at the victim from close range and shot her in the stomach, Sepahi II contains no discussion of the circumstances under which reckless conduct may be sufficiently focused to satisfy the requirements of § 13-604.01. Accordingly, as already noted in ¶ 25, supra, the principle restated in Sepahi II relevant to this ease is that courts should avoid construing a statute in a manner that limits its intended scope.
¶ 30 In contrast to the “unfocused” conduct of the drunk driver in Williams, Castaneda’s conduct manifested a conscious disregard of a substantial risk to the two children standing alongside Dice — one of whom was under the age of fifteen — as opposed to the general public. While stopped at a traffic light in broad daylight, Castaneda recognized Dice as one of three young individuals grouped closely together on the sidewalk. When the light changed, Castaneda pulled forward and stopped in the middle of the intersection, leaned across in front of the passenger and fired multiple shots from a .22 revolver in the direction of the three young victims, striking Dice once and A.G. twice.
¶ 31 This conduct is analogous to the example set forth in Williams of a reckless crime that would satisfy § 13-604.01:
A child could be the target of a reckless crime. For example, a driver, like Williams, who harasses a well marked school bus and recklessly injures a child passenger can be said to have the focus sufficient to satisfy § 13-604.01. Such a *363 reckless crime would be “against children” because it manifests a conscious disregard of a risk to children, A.R.S. § 13 — 105(6)(c), as opposed to the general public.
175 Ariz. at 101, 854 P.2d at 134 (emphasis added). The limited principle that the majority apparently draws from this hypothetical is that a “person who directs reckless conduct toward a group of children can be punished under the statute, because the conduct sufficiently targets children.” Supra ¶ 21. But the majority then reasons that, if adults are interspersed amongst the children, no dangerous crime has been committed against a child because “ ‘[t]he victim could just as well be an adult.’ ” Id. (quoting Williams, 175 Ariz. at 101, 854 P.2d at 134). Thus, Castaneda “did not target [A.G.] by firing in the direction of a group that included [A.G.]” because “[t]he risk of harm to which [A.GJ was exposed was no greater than the risk to all persons present.” Supra ¶ 19.[8] However, the point of the school bus hypothetical is to distinguish between unfocused reckless conduct that poses a risk to the general public (§ 13-604.01 inapplicable) versus focused conduct that demonstrates a conscious disregard of a specific risk to children (§ 13-604.01 applicable). See Miranda-Cabrera, 209 Ariz. at 224, ¶ 22, 99 P.3d at 39 (reckless conduct by defendant in leaving family marooned in desert was “sufficiently focused” even if specific harm to child victim not intended).
¶ 32 The relevant inquiry is whether the defendant’s conduct manifests a conscious disregard of a substantial risk of harm to a child, not whether, as suggested by the majority, any child is exposed to a greater risk of harm than any adults that are present. Por example, a defendant who recklessly fires a weapon in the direction of spectators at a youth baseball game — where one would expect both adults and children to be present — would be guilty of a dangerous crime against children because such conduct manifests a conscious disregard of a risk to young children.[9] However, a defendant engaged in the same conduct in a strip club generally could not be said to have targeted a child.
¶ 33 Castaneda’s conduct manifested a conscious disregard of a substantial risk of harm to the children standing next to Dice; thus, A.G. was not merely a fortuitous victim of generalized unfocused conduct as was the child victim in Williams. Because Castaneda’s conduct clearly posed a particular risk of harm to A.G. as opposed to the general public, his conviction for aggravated assault qualifies as a crime against children within the meaning of § 13-604.01. I respectfully dissent from the majority’s contrary holding.

. Because it concludes as a matter of law that § 13-604.01(L)(1) is inapplicable, the majority does not reach the question whether the trial court committed fundamental error by not submitting the issue to the jury. See Blakely, 124 S.Ct. at 2536-37; Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. Neither do I, except to note that the remedy for any reversible Blakely/Apprendi error that may have occurred in this case is a remand for redetermination of the sentence. See United States v. Ameline, 376 F.3d 967, 983-84 (9th Cir.2004) (determining Blakely requires a jury determination on a defendant’s firearm enhancement and remanding for a jury trial on the aggravating factor); State v. Gross, 201 Ariz. 41, 45-46, ¶¶ 19-21, 31 P.3d 815, 819-20 (App.2001) (determining Apprendi requires a jury determination on a defendant’s release status and remanding for a jury trial on the enhancement issue).

. Likewise, in State v. Jansing, we concluded that § 13-604.01 was inapplicable to an intoxicated defendant who ran a stop sign and drove her truck into another truck, severely injuring her own child, because the risk created by her actions "was no different than the risk she imposed upon the general public when she chose to drive a car after consuming the equivalent of ten beers.” 186 Ariz. 63, 70, 918 P.2d 1081, 1088 (App.1996) (citing Williams, 175 Ariz. at 104, 854 P.2d at 137), overruled on other grounds by State v. Bass, 198 Ariz. 571, 12 P.3d 796 (2000).

. The majority also hypothesizes two examples of reckless crimes committed upon children that it asserts would not be dangerous crimes against children. Supra ¶ 21. With only minor modification to these hypotheticals, I would agree with the claim that there is no "principled difference [ ] between those situations and this case.” Id. Take the first hypothetical for instance and alter it slightly by assuming that the defendant, in response to taunts, discharges a firearm into a crowded gathering at a location where children might be expected to be present but does not target anyone in particular. I would have no trouble concluding that such a person found guilty of a reckless aggravated assault upon one of the children in the crowd had also a committed a crime against that child for purposes of § 13-604.01.

. A defendant assumes the risk that a victim may be under the age of fifteen. “[A] defendant who intends to direct his criminal conduct only at adults can nonetheless be subjected to the special sentencing provisions of § 13-604.01 when his victim turns out to be a child, even if the defendant quite reasonably believed to the contrary at the time the crime was committed.” Sepahi II, 206 Ariz. at 324, ¶ 17, 78 P.3d at 735 (citing Williams, 175 Ariz. at 102-03, 854 P.2d at 136).