The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Dagoberto RAMIREZ, Defendant–Appellant.

No. 03CA1741.

Colorado Court of Appeals, Div. III.

Dec. 15, 2005.

Certiorari Denied June 26, 2006.*

* Justice EID does not participate.

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

CASEBOLT, J.

Defendant, Dagoberto Ramirez, appeals the judgment of conviction entered upon jury verdicts finding him guilty of second degree kidnapping, sexual assault, and robbery. Defendant also appeals his sentence for the kidnapping conviction. We affirm.

Defendant forced the victim into his truck, drove a short distance, and struck her in the face. Defendant then sexually assaulted the victim and refused to let her leave the truck until she surrendered her money. The victim complied, exited the truck, and immediately called the police.

The crime remained unsolved until the following year when DNA material obtained from the victim was matched with DNA material that had been obtained from defendant.

## I.

■ Defendant first asserts that the trial court erred by denying his motion to suppress the DNA evidence that had been obtained from him, pursuant to § 17–2–201(5)(g)(I), C.R.S.2005, while he was serving a sentence for an unrelated sexual assault conviction. More specifically, defendant contends the collection of his DNA was an unconstitutional seizure conducted pursuant to a policy not falling within the "special needs exception" to the Fourth Amendment's warrant requirement. We reject this claim for the reasons set forth in *People v. Shreck*, 107 P.3d 1048, 1053 (Colo.App.2004)("special needs exception" to the warrant requirement of the Fourth Amendment permits the collection of blood samples from convicts for use in assembling a DNA database).

## II.

■ Defendant next asserts that the trial court erred by refusing to merge his sexual assault conviction into his second degree kidnapping conviction. We disagree.

Section 18–3–302, C.R.S.2005, provides, in pertinent part:

(1) Any person who knowingly seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping.

. . . .

(3) Second degree kidnapping is a class 2 felony if any of the following circumstances exist:

(a) The person kidnapped is a victim of a sexual offense pursuant to part 4 of this article; or

(b) The person kidnapped is a victim of a robbery.

Defendant argues that, because his second degree kidnapping conviction was elevated from a class four felony to a class two felony pursuant to the jury's special finding that he committed a sexual assault against the victim during the kidnapping, his separate conviction for sexual assault was a lesser included offense that should have been merged into the enhanced kidnapping conviction. We are not persuaded.

In *People v. Henderson,* 810 P.2d 1058 (Colo.1991), the court held that sexual assault is not a lesser included offense of second degree kidnapping involving sexual assault. In *People v. Martinez,* 32 P.3d 520 (Colo. App.2001), a division of this court reexamined the issue in light of the United States Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Court held that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. While acknowledging that "*Apprendi* has blurred the distinction between elements of a crime and penalty enhancers," the *Martinez* court concluded that *Henderson* remained dispositive of the issue. *People v. Martinez, supra,* 32 P.3d at 529–30.

However, defendant contends that cases following *Apprendi* compel a different result.

Relying on *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), defendant contends there is no rational basis for treating a sentence enhancer as the functional equivalent of an element of an offense for purposes of the jury-trial guarantee, but not for purposes of merger.

In *Ring*, the Supreme Court held that statutory sentence enhancers "operate as the functional equivalent of an element of a greater offense," and thus the Sixth Amendment requires that they be tried to a jury. *Ring v. Arizona, supra*, 536 U.S. at 609, 122 S.Ct. at 2443. However, the Supreme Court has never held that a sentence enhancer constitutes an element of an offense for merger purposes. The issue in *Ring* was whether, and under what standard of proof, a judge or a jury decides the presence or absence of a sentence enhancer.

We also reject defendant's contention that *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) makes it clear that sentence enhancers are the functional equivalent of elements for purposes of merger. Defendant bases his contention on the following statement from *Sattazahn:* "We can think of no principled reason to distinguish, in this context, between what constitutes an offense for purposes of the Sixth Amendment's jury-trial guarantee and what constitutes an "offense" for purposes of the Fifth Amendment's Double Jeopardy Clause." *Sattazahn v. Pennsylvania, supra*, 537 U.S. at 111, 123 S.Ct. at 739.

In *People v. Hogan*, 114 P.3d 42 (Colo.App. 2004), a division of this court addressed the language defendant quotes from *Sattazahn*, and concluded that that portion of the opinion was not controlling because it garnered the support of only three justices. The *Hogan* division also held that a conviction for robbery does not merge into a second degree kidnapping conviction for which the jury had found the existence of the § 18–3–302(3)(b) sentence enhancement factor for commission of a robbery during a kidnapping. We agree with the rationale and holding in *Hogan*.

We also reject defendant's claim that the Court's subsequent characterization of *Ring v. Arizona, supra*, in *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), constitutes an endorsement of the plurality opinion in *Sattazahn v. Pennsylvania, supra.*

Because, for purposes of merger analysis, there is no difference between the sentence enhancement provisions of § 18–3–302(3)(a) (sexual assault) and § 18–3–302(3)(b) (robbery), we find *Hogan* to be persuasive. And we find nothing in *Apprendi, Ring*, or *Schriro* that alters the holding of *People v. Henderson, supra.* Therefore, defendant's sexual assault conviction does not merge into the enhanced kidnapping conviction, and thus, the trial court did not err in declining to merge the two offenses here.

### III.

■ Finally, defendant asserts that the trial court violated his right to due process by imposing an aggravated range sentence on the kidnapping conviction based on a finding of aggravating circumstances that were not determined by the jury. Again, we disagree.

■ Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Apprendi v. New Jersey, supra*, 530 U.S. at 488–90, 120 S.Ct. at 2362–63, 147 L.Ed.2d at 455.

Here, as set forth above, defendant was convicted of second degree kidnapping as a class two felony. The presumptive sentencing range for a class two felony is eight to twenty-four years imprisonment. Section 18–1.3–401(1)(a)(V)(A), C.R.S.2005. However, defendant committed this offense while on bond for a felony charge for which he was subsequently convicted by the time of the sentencing hearing in this case. Therefore, the trial court was obligated to impose sentence pursuant to the following provision:

> The presence of any one or more of the following sentence-enhancing circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term of at least the minimum in the presumptive range but not more than twice the maxi-

mum term authorized in the presumptive range for the punishment of a felony:

(a) At the time of the commission of the felony, the defendant was charged with or was on bond for a felony in a previous case and the defendant was convicted of any felony in the previous case ....

Section 18–1.3–401(9), C.R.S.2005.

Although defendant acknowledges that other courts have concluded that sentence enhancement provisions based on commission of a crime while on probation fall within the "prior conviction" exception to the rule of *Apprendi* because a conviction is a necessary prerequisite to a probationary sentence, he argues that this reasoning cannot be applied to a sentence enhancement provision that is triggered by the fact that a defendant was on pretrial bond in connection with a charge for which he had not yet been convicted. We reject this assertion.

Defendant's sentence was not enhanced merely because he committed this kidnapping while he was on bond; his sentence was enhanced because he committed this kidnapping while he was on bond for a felony offense for which he was subsequently *convicted*. Thus, because the prior felony conviction was the event that triggered the enhanced sentencing, we conclude that enhancement of defendant's sentence pursuant to § 18–1.3–401(9)(a) falls within the "prior conviction" exception to the *Apprendi* rule. *See People v. French,* 141 P.3d 856, 2005 WL 2877806 (Colo.App. No. 03CA2477, Nov. 3, 2005).

Accordingly, this enhancement provision is distinguishable from that at issue in *State v. Gross,* 201 Ariz. 41, 31 P.3d 815 (Ariz.Ct.App. 2001), on which defendant relies. There, the Arizona Court of Appeals narrowly construed the "prior conviction" exception and concluded that it did not permit sentence enhancement based on a judicial finding that the defendant had committed the crime while on pretrial bond for another felony. Significantly, the statutory provision under consideration in *Gross* is distinguishable from § 18–1.3–401(9)(a) because the Arizona statute

does not require the subsequent entry of a conviction.

Hence, because defendant's sentence was subject to mandatory aggravated range enhancement pursuant to § 18–1.3–401(9)(a), we need not address his related claim that the trial court violated his right to due process by exercising its discretion to impose an aggravated range sentence.

The judgment and sentence are affirmed.

Judge TAUBMAN and Judge HAWTHORNE concur.